Cabell, J.
I am of opinion, that the commissioner rightly rejected the set-offs claimed by Tapp, as they were for transactions with Beverley, long subsequent to the time when Tapp knew, that whatever was due from him for the purchase of the land, was justly payable, not to Beverley, but to Ross, Grinnan, Mundel and Carter; and I approve of the statement of the commissioner in all respects. The chancellor approved of it also, and ought, consequently, to have made it the basis of his decree. But he has- not done so; for he perpetuated the injunction for' 74 dollars only, as of the 1st January 1809, and dissolved it as to the residue; thus letting loose the execution for the difference between 74 and 86 dollars, and also for the sum of 1160 dollars, paid pending the suit. This was clearly wrong as to the first mentioned sum, viz. the difference between 74 and 86 dollars, because the commissioner’s report clearly shews, that Tapp was entitled to the 86 dollars. And I think the decree was equally wrong in not giving credit for the 1160 dollars. The fact of the money not havings been paid, until after the institution of this suit and the granting the injunction, might affect the question as to who should pay the costs of the suit, but it surely could not authorise the dissolution of the injunction as to money actually paid and no longer due. The injunction should have been perpetuated for all but 1192 dollars 65 cents with interest thereon, according to the statement of the commissioner.
*85 I am also of opinion, that the decree is erroneous in another respect. Ross and his associates did not stand in the situation of persons holding a mere equity, which may be released by parol or by act in pais. They had expressly bound themselves, by their written obligation of the L9th March 1805, to convey the land to Tapp. They must, under the circumstances of this case, be regarded as vendors of the land; and they shew, that they considered themselves bound to convey it with general warranty; for they exhibit with their answers, a deed conveying the land with general warranty, which appears to have been executed by all the parties. As to some of the grantors, however, there were no witnesses; nor was the deed acknowledged, in any of the modes prescribed by the laws regulating the recording of conveyances. A person bound to make a conveyance of lands, is bound to execute it in the presence of witnesses, or to acknowledge it in such manner, that the person to whom it is made, may have it recorded according to law. It was error in the court of chancery, not to provide for this, contemporarily with the dissolution of the injunction.
The decree should be reversed with costs, the injunction reinstated, and the cause remanded to be further proceeded in, according to the principles now declared.
As to the costs in the court of chancery; the appellees voluntarily allowed all just credits ; and were willing, at all times, (after they took the assignment), to make the conveyance, provided the appellant wotdd pay the balance justly due. He forced them into the court of equity, to defend themselves against his unjust claims of set-off, and he should therefore pay the costs incurred in that court.
The other judges concurring, the decree was reversed with costs.